IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PILLAR TO POST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. H-09-3227 |
| v. | § | |
| | § | |
| MICHAEL WEIBLE and LORNA WEIBLE, | § | |
| | § | |
| | § | |
| Defendants. | § | |

ORDER CONFIRMING ARBITRAL AWARD

Pending are Plaintiff Pillar to Post, Inc.'s Original Complaint and Motion to Confirm Arbitration Award (Document No. 1), Defendants' Response to Plaintiff's Complaint and Motion for Confirmation Award and Defendants' Cross-Motion to Vacate or Modify Arbitration Award (Document No. 8), and Plaintiff Pillar to Post, Inc.'s Motion for Summary Judgment (Document No. 14). After carefully considering the motions, responses, and the applicable law, the Court concludes that Plaintiff's motions should be granted and Defendants' motion denied.

Plaintiff Pillar to Post, Inc. asks that the Court confirm an arbitral award arising out of the breach of a Franchise Agreement[1] it entered into with Defendants Michael and Lorna Weible, and that the Court enter judgment pursuant to the Federal Arbitration Act,

---

[1] Document No. 1, ex. A.

9 U.S.C. § 9.[2]  Plaintiff properly invokes the Court's diversity jurisdiction.  The award enjoins Defendants from various activities, including: "directly or indirectly . . . offer[ing] products or services which are the same as or similar to the products and services offered by their former Pillar to Post home inspection franchise" in Waller, Grimes, Montgomery, and Harris Counties; holding themselves out as present or former franchisees of Plaintiff; using Plaintiff's Proprietary Marks (as defined in the Franchise Agreements), using any methods or procedures associated with "the Pillar To Post system," or using any "trade dress and distinctive forms, slogans, signs, symbols and devices associated with the Pillar To Post system"; and "communicating, divulging, or using" for any person or entity's benefit any "confidential information, knowledge, or know-how concerning the methods of operation of the Pillar To Post home inspection business."[3]  Defendants also must transfer or assign to Plaintiff "all telephone numbers . . . used in the operation of their former Pillar To Post franchise."[4]  Finally, the arbitrator awarded

---

[2] The Federal Arbitration Act does not create an independent basis for federal jurisdiction. Here, Plaintiff properly invokes the Court's diversity jurisdiction. Plaintiff is a citizen of Delaware and Florida; Defendants are both citizens of Texas. Document No. 1 at 1.

[3] Document No. 1, ex. C at 2-3.

[4] Id., ex. C at 2.

2

Plaintiff $101,623.97, $15,447.00 of which bears interest pursuant to Florida law from July 13, 2009.[5]

The sum total of Defendants' argument in support of vacatur or modification of the award is that they:

> [B]elieve that the arbitration award should be vacated, because the arbitrator exceeded his powers [under] 9 U.S.C. § 10(a)(4), and, in the alternative, that it should be modified because of an evident material miscalculation of figures or an evident material mistake in the award, 9 U.S.C. § 11(a).[6]

Defendants request an evidentiary hearing, but provide no citation to authority and point to no specific facts supporting their broad assertions, which appear simply to track language from the Federal Arbitration Act.  Defendants otherwise have not responded to Plaintiff's motions, nor offered any substantive or particularized reason that the arbitration award should be vacated or modified. The party moving to vacate an arbitration award bears the burden of proof. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006); Lummus Global Amazonas S.A. v. Aguaytia Energy Del Peru, S.R. Ltda., 256 F. Supp. 2d 594, 604  (S.D. Tex. 2002) (Rosenthal, J.).  Moreover, a court's review of an arbitration award is "exceedingly deferential," and any doubt or uncertainty is

---

[5] Id., ex. C. at 3.

[6] Document No. 8 at 3.

resolved in favor of upholding the award. Brabham v. A.G. Edwards & Sons Inc., 376 F.3d 377, 380, 385 n.9 (5th Cir. 2004).

Nothing appears from the record to suggest the arbitrator exceeded his powers, or that he miscalculated the award. Defendants' conclusory assertions fail to carry their burden, and fail as well to show cause for a hearing. *See* Cigna Ins. Co. v. Huddleston, 986 F.2d 1418, 1993 WL 58742, at *10 (5th Cir. Feb. 16, 1993) (unpublished op.) (no hearing on confirmation of arbitration award required where case "posed no factual issues that required the court, pursuant to the Arbitration Act, to delve beyond the documentary record of the arbitration and the award rendered" (quoting Legion Ins. Co. v. Ins. Gen. Agency, Inc., 822 F.2d 541, 543 (5th Cir. 1987))); *see also* Weinberg v. Silber, 140 F. Supp. 2d 712, 715 (N.D. Tex. 2001) (denying request for hearing where there were "no contested questions of fact concerning the arbitrator's conduct in this case that would necessitate an evidentiary hearing").[7]

Under paragraph 16.8 of the Franchise Agreement, Plaintiff is entitled to its reasonable attorneys' fees incurred in this action.

> Franchisee shall pay to Franchisor all damages, costs, and expenses, including attorneys' fees and disbursements, incurred by Franchisor subsequent to termination or expiration of this Agreement in obtaining

---

[7] Moreover, Defendants acknowledged at the Rule 16 Scheduling Conference that there was no need for them to seek discovery, and have not since indicated otherwise. Document No. 12.

>injunctive or other relief for the enforcement of any provisions of this Section 16.[8]

This legal action for confirmation is precisely for the enforcement of Section 16 of the Franchise Agreement, as indicated by the arbitrator's award of attorney's fees pursuant to Paragraph 16.8. See Loeb v. Blue Star Jets, LLC, No. 09-7858, 2009 WL 4906538, at *1, *3 (S.D.N.Y. Dec. 17, 2009) ("In order to award the Loebs attorneys' fees associated with the arbitration, the arbitrator must have found that the arbitration arose from [defendant's] breach of the Agreement."). Plaintiffs are therefore entitled to recover from Defendants their damages, costs and expenses, including attorneys' fees and disbursements, incurred in connection with this proceeding. See id. at *1, *3 (held, prevailing party in confirmation proceeding entitled to fees for that proceeding in addition to arbitration proceeding fees in the arbitration award, where Agreement provided liability for breach "including attorneys' fees and legal expenses."); Vital Basics, Inc. v. Vertrue Inc., No. 05-65-P-S, 2007 WL 1308806, at *2 (D. Me. May 3, 2007) (same); see also, C. Melchers, GmbH & Co. v. Corbin Assocs., LLC, No. 1:05-CV-349, 2006 WL 925056, at *11 (E.D. Tenn. April 7, 2006).

---

[8] Document No. 1, ex. A ¶ 16.8. Section 16, entitled "Obligations Upon Termination or Expiration," lists Defendants' obligations upon termination of the Franchise Agreement, such as immediate cessation of the use of Pillar To Post methods, procedures, slogans and marks, and the cessation of operating the franchise or holding out to others any affiliation with Pillar To Post. Id., ex. A ¶¶ 16.1-16.12.

It is therefore

ORDERED that Plaintiff Pillar to Post, Inc.'s Original Complaint and Motion to Confirm Arbitration Award (Document No. 1) and Plaintiff Pillar to Post, Inc.'s Motion for Summary Judgment (Document No. 14) are GRANTED, Defendants' Response to Plaintiff's Complaint and Motion for Confirmation Award and Defendants' Cross-Motion to Vacate or Modify Arbitration Award (Document No. 8) is DENIED, and it is therefore

ORDERED and ADJUDGED that the Final Award in American Arbitration Association Case No. 33 114 00076 08, <u>Pillar To Post, Inc. v. Michael Weible and Lorna Weible</u>, a copy of which is attached hereto, is in all things CONFIRMED and ADOPTED as the Judgment of this Court.  It is further

ORDERED that Plaintiff Pillar to Post, Inc. shall additionally have and recover from Defendants Michael Weible and Lorna Weible reasonable attorneys' fees and other court and direct costs incurred by them in connection with this confirmation action. Accordingly, within seven (7) days after the entry of this Order, Plaintiff shall file its application for attorneys' fees and expenses, accompanied by (1) any fee agreement Plaintiff may have with its counsel; (2) counsel's affidavit supported by time records (redacted as appropriate to protect confidential attorney-client communications) upon which Plaintiff relies for calculating reasonable attorneys' fees; and (3) a verified itemized list of

other costs and expenses incurred by Plaintiff in prosecuting this action. The parties shall then promptly confer in good faith to reach agreement upon the attorneys' fees and expenses to be awarded. If agreement is not reached after good faith negotiations, then within ten (10) days after having been served with Plaintiff's application, Defendants may file a response together with supporting affidavits, exhibits, and a brief (not to exceed 10 pages in length), explaining why good faith negotiations did not result in an agreement and stating the amounts of reasonable attorneys' fees and expenses that Defendants believe should be awarded to Plaintiff. Thereafter, Plaintiff may file a reply (not to exceed 10 pages in length) within seven (7) days after having been served with Defendants' response.

If the parties agree on the amount of attorneys' fees and expenses to be awarded to Plaintiff, which they are strongly encouraged to do, they shall forthwith report their agreement in a joint letter to the Court, and the agreement shall be without prejudice to the right of either party to appeal from the Final Judgment.

The Court will enter Final Judgment after determining the amount of attorneys' fees and expenses Plaintiff is entitled to recover for this legal action brought to enforce Section 16 of the Franchise Agreement by obtaining confirmation of the Final Award of

the arbitrator, but CONFIRMATION of the above referenced FINAL AWARD is effectively immediately.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 29TH day of June, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL

In the matter of the Arbitration between:

PILLAR TO POST, INC., a Delaware
corporation,

    Petitioner,

vs.

MICHAEL WEIBLE, an individual, and
LORNA WEIBLE, an individual,

    Respondents.

_____/

AAA Case No.: 33 114 00076 08

### FINAL AWARD

    The undersigned arbitrator, having been designated in accordance with the arbitration agreement entered into by the parties, having been duly sworn, and having considered all testimony, evidence and written arguments submitted by Pillar To Post, Inc. ("Pillar To Post") and Michael and Lorna Weible (the "Weibles"), renders the following award:

    1.    The Weibles, individually and collectively, are hereby enjoined for a period of two (2) years from the date hereof, either directly or indirectly, for themselves or through or in conjunction with any other person or legal entity, from owning, maintaining, operating, engaging in, being employed by, providing assistance to, or having any interest (as owner or otherwise) in any business that offers products or services which are the same as or similar to the products and services offered by their former Pillar To Post home inspection franchise under the Pillar To Post

...
...
...

system in the following counties of Texas: Waller, Grimes, Montgomery and Harris, (including the area known as the Woodlands).

2. The Weibles are hereby enjoined to transfer or assign to Pillar To Post all telephone numbers, including, but not limited to, (281) 635-9520 and (281) 934-2435 (fax number), used in the operation of their former Pillar To Post franchises. If such numbers are still available and if requested by Pillar to Post, the Weibles shall cooperate fully to effectuate the transfer or assignment, and such cooperation shall include payment of all amounts due to the applicable telecommunications provider through the date of the transfer or assignment and execution of all documentation required by Pillar To Post or the applicable telecommunications provider to effectuate the transfer or assignment.

3. The Weibles are hereby enjoined, in connection with operating any home inspection business, from representing to the public or holding themselves out as present franchisees of Pillar To Post or from holding themselves out as former franchisees of Pillar to Post.

4. The Weibles are hereby enjoined from using, in any manner whatsoever (a) any confidential methods, procedures, and techniques associated with the Pillar To Post system; (b) the Proprietary Mark "Pillar To Post" and all other Proprietary Marks (as defined in the Franchise Agreements), including, in particular, any signs, advertising materials, displays, stationery, forms, products, or other articles which display the Proprietary Marks; and (c) Pillar To Post's trade dress and distinctive forms, slogans, signs, symbols and devices associated with the Pillar To Post system.

5. The Weibles are hereby enjoined from communicating, divulging, or using for the benefit of any other person, partnership, association, or corporation any confidential information, knowledge, or know-how concerning the methods of operation of the Pillar To Post home inspection business.

6. Pillar To Post shall recover from the Weibles, jointly and severally, the sum of $15,447.00, which amount shall bear interest, pursuant to Florida law, from July 13, 2009.

7. Pursuant to Paragraph 16.8 of the Franchise Agreements between the parties the administrative fees and expenses of the American Arbitration Association in the amount of $4,500.00, and the compensation and expenses of the arbitrator in the amount of $7,500.00, shall be borne entirely by the Weibles. Therefore the Weibles, jointly and severally shall reimburse Pillar to Post the amount of $8,250.00, representing the portion of such costs previously paid to the American Arbitration Association by Pillar to Post.

8. Pursuant to Paragraph 16.8 of the Franchise Agreements, Pillar To Post, as the prevailing party, is entitled to recover its reasonable attorney's fees and costs incurred in connection with the arbitration. Based upon the written submissions as to the fees and costs incurred, Pillar to Post shall recover from the Weibles, jointly and severally, the amount of $67,679.50 as reasonable attorney's fees and $10,247.47 as costs incurred herein.

9. This Final Award fully resolves and determines all issues, claims and defenses submitted in the above-styled proceeding.

I, C. Lawrence Stagg, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed the foregoing Final Award.

_____
C. Lawrence Stagg
Arbitrator